**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SHAWN RAINER**
*ADC #114199*                                                    **PETITIONER**

**V.**                        **CASE NO. 4:26-cv-00537-BSM-JTK**

**DEXTER PAYNE**                                              **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.　Procedure for Filing Objections:

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

### II.　Background:

Following a jury trial on May 19, 2011, Mr. Rainer was convicted of second-degree murder in Mississippi County Circuit Court.[1] He was sentenced to serve eighty years in the Arkansas Department of Correction (ADC).

Mr. Rainer has previously filed a federal habeas petition in this District based on the same conviction. *See Rainer v. Kelley*, Case No. 5:15-cv-00153 (E.D. Ark. May 13, 2015). Mr. Rainer

---

[1] Mr. Rainer's procedural history is outlined in more detail in the Recommended Disposition written by this Court in a previously dismissed habeas case. See *Rainer v. Kelley*, Case No. 5:15-cv-00153, Doc. No. 11.

raised five grounds for relief in his petition: (a) the State did not preserve the argument that the victim's prior assaults were inadmissible pursuant to Rule 405, (b) ineffective assistance of counsel for failing to renew a motion in limine, (c) the Court should give no deference to the Arkansas Supreme Court because it applies its procedural rules inconsistently, (d) Mr. Rainer was denied the opportunity to put on a complete defense in violation of the Fourteenth Amendment, and (e) Mr. Rainer was innocent. *Id.* at Doc. No. 11.

On October 14, 2015, Judge Miller entered an order adopting this Court's recommended partial disposition to dismiss four of Mr. Rainer's five grounds for relief. *Id.* at Doc. No. 14 (adopting Doc. No. 11). The first, third, and fifth grounds for relief were dismissed because they were not cognizable. *Id.* at Doc. No. 11. The second ground for relief was dismissed because Mr. Rainer failed to prove that his trial court counsel was ineffective, and the parties were ordered to further brief on the fourth ground for relief. *Id.*

On February 2, 2016, Judge Miller adopted this Court's recommendation and ordered that Mr. Rainer's first habeas petition be dismissed with prejudice as to the remaining ground for relief because it was not meritorious. *Id.* at Doc. No. 20 (adopting Doc. No. 17).

Since the dismissal of Mr. Rainer's petition, he has failed to receive permission from the Eighth Circuit to file a successive petition. Now, Mr. Rainer has filed another *pro se* petition for writ of habeas corpus wherein he challenges his classification as a Serious Violent Offender and the corresponding enhanced sentencing range that was applied to his conviction. (Doc. No. 2). He argues that the imposition of an eighty-year sentence exceeds the proper range of six to fifty years. *Id.* However, this petition must be dismissed as successive.

III.    **Discussion:**

Summary dismissal of a habeas corpus petition—prior to a response or answer from the respondent—is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a *prima facie* showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition. There is no indication from the record that Mr. Rainer sought and received authorization from the Eighth Circuit Court of Appeals before filing this petition. This Court, therefore, lacks jurisdiction; and the petition should be summarily dismissed.

III.    **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this

case, Mr. Rainer has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## IV.   Conclusion:

The Court recommends that Judge Miller DENY and DISMISS Mr. Rainer's petition for writ of habeas corpus (Doc. No. 2), without prejudice. Furthermore, Judge Miller should deny a certificate of appealability.

Also pending is Mr. Rainer's Motion to Proceed in forma pauperis (Doc. No. 1), which is DENIED, as moot.

DATED this 3rd day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE